### COFFIN *et al. v.* CHATTANOOGA WATER & POWER CO.

*(Circuit Court, S. D. Tennessee, E. D. January 8, 1891.)*

EQUITY—PRACTICE—PARTIES.

Where a judgment creditor of a corporation files his bill in the circuit court to subject the equitable interest of defendant in its mortgaged property to the payment of his debt, the owner of the company's property, stock, and franchises will not be permitted to become a party defendant on his petition alleging that he has already commenced an equity suit in the state court against plaintiff to determine the amount of the debt and to set aside certain transactions between them, where the chancery suit in the state court is in no way affected by the suit in the federal court, and the property is not paying expenses, and the intervention of petitioner would merely delay the suit.

In Equity.

*Warder & Evans,* for complainant.

*P. A. Brawner,* for defendant.

*E. M. Dodson,* for petitioner, Dean.

KEY, J. The bill and amended bill in this case alleged that complainants are creditors of defendant; that they have a judgment upon which execution has been returned *nulla bona;* that defendant has nothing subject to execution. Complainants claim that besides this judgment defendant owes them other debts. It is alleged that defendant has mortgaged all its property for the payment of bonds it has issued, which are in the hands of their purchasers, and that these bonds are not yet due, nor is the interest upon them. The bill seeks to subject the equitable interest of defendant in its mortgaged property to be sold to satisfy complainants' debts and such other debts as may be found to be due. In the mean time a receiver was asked for and appointed. John R. Dean comes and files a petition asking to be made a party defendant to the suit. He alleges that he was the owner of the property and franchises that made the paid-up capital stock of the company, of the value of $120,000, and that he is still the owner of 280 shares of stock of the par value of $28,000; that he claims to be the owner of 890 other shares of stock of the par value of $100 per share, being all the stock of the company except 30 shares, owned by F. A. Berkstresser. He further alleges that on the 19th September, 1889, he and the defendant company had filed a bill in the chancery court at Chattanooga against complainants and one R. C. Cook to settle various matters of controversy which had arisen between the parties to the suit, and that amended and supplemental bills had been filed and were pending at the time the bill was filed in this court. This bill, as the petition states, alleged that he was the owner of valuable real estate on Cameron hill, and had a charter for a railroad to be built, and an incline, and had organized a company for that purpose, and had obtained valuable franchises and donations, all of which he had transferred to the company. That in order to carry out his schemes of improvement he had appointed R. C. Cook as his agent to dispose of a part of the stock, all the stock belonging to Dean. That instead of selling the stock Cook made a contract with complainants to sell them certain bonds to be issued by the company at the price of 93¾ cents on the dollar, agreeing that they should have a first mortgage on the property, and 610 shares of the stock of the company, ($61,-000,) Dean reserving the right to repurchase the stock within 90 days from the completion of the plant at 25 cents upon the dollar. Dean says he ratified the trade with a reluctance, as he was in financial straits. Complainants were to purchase 50 bonds of $1,000 each at 94¾ cents upon the dollar, and the amount was to be placed to the credit of the company in complainants' bank, and was to be drawn upon as the work of construction of the plant of the company progressed. That in the progress of things complainants stopped payment of the drafts, and demanded a new contract. That Dean was financially embarrassed, and

at the mercy of complainants in his enterprise, as they knew, and of which they took unconscientious and undue advantage; and, being coerced by these advantages, Dean yielded helplessly to the demands of complainants and Cook, and agreed to a new contract, by which the 50 bonds issued under the first contract were to be taken up and canceled, and 75 bonds of $1,000 each were to be issued, secured as the first were. That 60 of the new bonds were to be purchased by complainants at 90 cents on the dollar, and the remaining 15 were to remain in the hands of the company for betterments and extensions, and Dean surrendered his option to repurchase the stock. Dean alleges in an amended bill in the chancery court that Cook was operating the company as general manager without authority, contracting large debts against it, and, if allowed to go on, the company would be insolvent. That the creditors were clamoring for their debts; its paper had been protested; and its employes were unpaid; and he was operating the incline at a loss, etc. As Cook is no longer in control of the company's affairs, these allegations as to him are not important now. Dean's counsel admits that the real question in the chancery court suit is whether the debt is $60,000 or $50,000, as a fixed charge upon the property, and whether complainants should pay $93\frac{3}{4}$ cents or 90 cents per dollar on the bonds. The debt secured by the mortgage, whatever it is, remains a charge upon the property, should the relief prayed in this bill be granted. The proceedings here in no way affect or stay Dean's cause or causes in the chancery court, the forum of his own choice. The issues there and here are entirely different. Furthermore, the report of the receiver shows that the property's income has paid but little more than half the expenses under his administration of its business, and the street railroad lines and the incline have ceased operations, and nothing, or but little, of the plant is in use. There is nothing to pay creditors, salaries, or other running expenses, and the property unused must deteriorate, and expenses must be incurred in caring for it. Under the delay which would necessarily result from the admission of Dean as party to contest his issues here, the equity the defendant has in its property would diminish in value, while the interest upon the debts would increase the liabilities, and no revenues or income is derived to meet any liabilities or expenses. Under these circumstances, and especially as this suit does not embarrass Dean's chancery court proceedings, his motion to be allowed to become a party defendant to this suit is disallowed, and his petition dismissed. His attitude in the controversy is not a defensive one. His position is essentially aggressive. The issues he tenders in his petition do not properly arise under the bill. He should become an actor, rather than a defendant.