LAND TITLE & TRUST CO. v. ASPHALT CO. OF AMERICA.

(Circuit Court, D. New Jersey. April 4, 1902.)

CORPORATIONS—RECEIVERSHIP PROCEEDINGS—INTERVENTION BY STOCK OR BOND HOLDER.

A bond or stock holder in a corporation, though averring that its answer is collusive and void, cannot intervene as a party defendant in receivership proceedings against it, and, while admitting its insolvency and that the appointment of receivers is necessary, question the propriety of the appointment of the particular receivers, having other remedy under the New Jersey corporation act.

Petition of Harry C. Spinks for Intervention as Defendant.

Coult & Howell, for petitioner.

Corbin & Corbin, for opponent.

KIRKPATRICK, District Judge. On the 28th day of December, 1901, the complainant in this case, the Land Title & Trust Company, filed its bill of complaint, setting out the causes for which the defendant, the Asphalt Company of America, should be adjudicated insolvent. A copy of the bill had been previously served upon the defendant company, and on the same day it appeared by its attorney, and filed its answer to said bill, in which it admitted the charges thereof, and joined in the prayer of the complainant for the appointment of receivers to preserve its property and collect and distribute its assets. The court proceeded, in a summary way, in accordance with the provisions of the statute of New Jersey, to adjudicate upon the matters presented, and by its decree declared the said corporation insolvent, and appointed Messrs. Tatnall, Mack, and Shanley receivers for such purpose. In the petition now filed by Harry C. Spinks he asks to intervene as a party defendant, charging that the answer of the defendant is collusive and void, and in order that he may set up matters of defense and methods of collecting the assets of the corporation, which he insists will not be adopted by the present receivers, although, as he claims, for the interest of the shareholders. Mr. Spinks claims this right to intervene because he is the owner of $128,000, par value, of the bonds or certificates of indebtedness of the defendant company, and the owner of $50,000, par value, of the shares of the corporation, upon which he has paid an assessment of 20 per cent., and is liable for an assessment of 80 per cent. By his petition Spinks admits that the decree of insolvency already made was proper and right, because he says that the said defendant corporation is now "temporarily insolvent," and he admits that receivers are necessary to take charge of its property and collect its assets, because he asks that upon the "discharge of the present receivers others may be appointed in their stead." The petitioner cannot be admitted as a defendant to attack or question the propriety of the appointment of the present receivers. It is not necessary that he should be made a party defendant for this purpose. If in the administration of the affairs of the corporation the receivers appointed by the court fail, or for any reason are unable to properly discharge their duties in this respect either in the interest of this petitioner or of any or of all of its creditors and stockholders,

the court will, upon proper representation and proof of that fact, itself see to it that others are appointed in their stead. The proceedings in relation to the administration of the affairs of the company are now in the hands of the court, and beyond the control of any particular set of stockholders, and it is not necessary that intervention should be had by any creditor or bondholder to do the work which the court has appointed its officers to perform. The propriety of such action on the part of a creditor or stockholder was considered in the case of Forbes v. Railroad Co., 2 Woods, 323, Fed. Cas. No. 4,926, where Bradley, J., in delivering the views of the court, said:

"A suggestion in the progress of a suit that an officer of the court [the receiver] is disposed to act fraudulently, or that the court has made an injudicious or erroneous order, will not be a sufficient ground to allow such a party to intervene. Indeed, it is questionable whether in any case where a suit is properly instituted against a corporation a stockholder of that corporation can. even on a suggestion of fraud on the part of its officers, come in by way of intervention as a party to that suit, and seek to defend or control the proceedings. An original bill would rather seem to be a proper mode of proceeding."

If the petitioner in this case should be able to maintain the allegations of fraud set out in his bill, or if he should find that the receivers by their action are negligent or jeopardizing his interests or those of his associates, his remedy as a creditor and stockholder is clearly pointed out in the New Jersey corporation act, as was stated by Judge Green in this circuit in the case of Werner v. Murphy (C. C.) 60 Fed 769.

The grievances of which the petitioner complains in his petition against the directors and stockholders of the Asphalt Company of America cannot be raised in this suit, the object of which is not to inquire into the reasons for the insolvency of the corporation, but to recognize the fact of insolvency as one accomplished and to be provided against. He cannot be permitted to intervene, therefore, to litigate those questions. The directors and stockholders are not parties to the suit, and would not be bound by any decree made therein, and any personal liability on their part must be enforced in a separate suit. It is also suggested by the answer, and in one of the schedules annexed thereto, that the question of fraud and the liability of the directors and stockholders here raised has already been determined, by a court of competent jurisdiction, adversely to the petitioner. I refer to the case of Spinks v. Paving Co., determined in the court of chancery of New Jersey. The petitioner has failed, by any proof, to sustain any charge of misconduct or fraud on the part of its trustee, who alone, under an agreement to which he is a party, appears to be entitled to bring this suit, and, in the absence thereof, he cannot for that reason be permitted to intervene.

I do not find any analogy between the case at bar and that of the Louisville Trust Co. v. Louisville, N. A. & C. R. Co., 174 U. S. 674, 19 Sup. Ct. 827, 43 L. Ed. 1130, upon which the petitioner relies. That case was for the foreclosure of a mortgage, and the court held that the company had conspired with certain creditors to procure foreclosure for the purpose of defeating certain valid claims which existed against it. The court held that these acts were fraudulent, and that,

although the proceedings were regular on their face, the sale must be set aside on that account. In the case at bar no effort is being made to give a preference to one creditor over another, nor to make more or less valuable any particular set of what are known as "gold certificates." But the object avowed in the bill, and in the contemplation of the court and its receivers, its officers, is that all the assets may be collected for and applied to the equal benefit of all. I find nothing in the petition, or in the situation presented therein, which would justify the court in permitting the petitioner to intervene and set up his answer as the answer of the corporation defendant. His interests will, I think, be properly protected, and if a situation should arise by which, in his opinion, they would be jeopardized, he has other remedies pointed out by the statute.

The prayer of the petitioner, for the reasons above stated, is therefore denied.