## HUTCHINSON v. PHILADELPHIA & G. S. S. CO.

(District Court, E. D. Pennsylvania. September 11, 1914.)

No. 979.

1. CORPORATIONS (§ 564\*)—RECEIVERS—INTERVENTION BY STOCKHOLDER.

Where a creditors' suit was instituted against a corporation, and a receiver was appointed to conserve the corporation's assets, which were sold after proper public advertisement, a stockholder's petition to intervene, merely alleging that plaintiff in the creditors' suit and others, who were stockholders and directors of the corporation, became stockholders and directors in a company organized to purchase the assets, but without any charge of fraud or collusion showing want of good faith, and concluding merely that it was petitioner's "belief" that such persons combined to acquire the assets and business of the corporation at an inadequate price, not, however, based on information that such was the case, and without any charge of fraud or collusion, except by a suggestion, was insufficient to entitle petitioner to have the sale set aside, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2176, 2177, 2255; Dec. Dig. § 564.\*]

2. CORPORATIONS (§ 319\*)—CREDITORS' SUIT—DIRECTOR.

That a creditor of a corporation is also a director does not impair his right to sue the corporation on the indebtedness at law or in equity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1415, 1416–1425; Dec. Dig. § 319.\*]

3. CORPORATIONS (§ 564\*)—SALE OF ASSETS—RECEIVERS—LIABILITY TO STOCKHOLDER—REMEDY.

Where the assets of a corporation had been sold in receivership proceedings at the instance of a creditor, who was also a director, the right of a

stockholder to hold the complainant in that suit, the receiver, and the other directors liable to him personally for losses incurred as a stockholder by reason of such sale was enforceable by a separate bill against them, and not by intervention in the receivership proceedings.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2176, 2177–2255; Dec. Dig. § 564.*]

4. CORPORATIONS (§ 564*)—SALE OF ASSETS—RECEIVERS—STOCKHOLDERS—OBJECTIONS—LACHES.

Where a suit was instituted by a creditor and director of a corporation to sell its assets through a receiver, to preserve the interests of all creditors so far as possible, and to continue the business, and such proceeding had progressed to a final decree and sale, a stockholder's right to intervene in such proceeding and object thereto, more than 18 months after. decree and sale, was barred by laches.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2176, 2177, 2255; Dec. Dig. § 564.*]

In Equity. Action by S. E. Hutchinson against the Philadelphia & Gulf Steamship Company. On petition of Samuel S. Bloom for leave to intervene. Denied.

R. H. Locke and E. D. Mitchell, both of Philadelphia, Pa., for petitioner.

George P. Rich and Conlen, Brinton & Acker, all of Philadelphia, Pa., opposed.

THOMPSON, District Judge. Upon bill filed January 8, 1913, by S. E. Hutchinson, a creditor, and answer admitting the allegations of the bill, a receiver was appointed on the same day to take charge of and preserve the property of the defendant and continue the operation of its steamship line. Upon various petitions of the receiver, orders shown to be necessary for preservation of assets of the company and continuance of the business of the company as a going concern were regularly granted at various times, and, upon petition of April 24, 1913, setting forth the danger of loss to the company and to creditors and stockholders of the good will of the company, the receiver was authorized to sell the good will, leases, office fixtures, and furniture, tackle, and loading equipment of the company for $15,000 in cash and $45,000 worth of the common stock of the American Transportation Company, a Delaware corporation. On July 11, 1913, upon showing by petition that it was impossible to further continue the transportation business of the company, the receiver was authorized to sell the steamships Evelyn and Mae, the company's only remaining assets, at private sale. On March 10, 1914, upon a showing of the efforts of the receiver to sell the steamships at private sale and failure so to do, an order was entered directing public sale upon due notice by advertisement. As appears by the petition for confirmation of sale, the receiver set April 8, 1914, as the time for public sale, and due advertisement was made in the leading maritime papers of the Atlantic and Pacific coast; but no bona fide bid was received, either on the vessels offered separately or both together. The receiver accordingly readvertised, as appears

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by proof of publication, and set June 20, 1914, as the time for an adjourned public sale of the steamers, and at this sale both vessels as a whole were knocked down by the auctioneer to Andrew B. McGinnis, Esq., the highest bidder. Due advertisement of application for confirmation of sale on July 10, 1914, was made and upon request of counsel, who desired to be heard, the hearing upon petition for confirmation was deferred to July 20, 1914. No objections being made, the sale was confirmed.

[1] The present petition for leave to intervene was subsequently presented in open court upon notice to counsel for the receiver and for the purchaser of the vessels. The petitioner represents that he is a duly registered stockholder and holds stock for which he paid $6,050 in cash. The petition appears to be based upon allegations of inadequacy of price in the sales of the assets of the company, and allegations that the plaintiff, S. E. Hutchinson, and S. P. Wetherill, Jr, the receiver, were stockholders and directors of the defendant company; that, at the time the application was made for the appointment of the receiver, the company was not insolvent; that, because of the known solvency of the company, the petitioner, Bloom, was misled as to the real nature of the receivership proceedings, which he subsequently learned were adverse to his interest; that the sale of April 24, 1913, of the assets, transportation facilities, etc., exclusive of the two ships, was "to a new company, the Philadelphia-New Orleans Transportation Company, or its subsidiary, the American Transportation Company"; that, before and at the time of the application for appointment of a receiver, S. E. Hutchinson and Warren Webster were stockholders and directors of the Philadelphia & Gulf Steamship Company; that Henry Brinton was a stockholder of the company, and J. W. S. Holton was a stockholder, director, and vice president of the company, and chairman of its executive committee; that the Philadelphia-New Orleans Transportation Company was not in existence prior to the receivership proceedings, but was chartered in the state of Delaware April 25, 1913; that S. E. Hutchinson, Warren Webster, Henry Brinton, and J. W. S. Holton are stockholders and directors of the Philadelphia-New Orleans Transportation Company, and J. W. S. Holton, is president of the same. The petitioner finally avers, that he "believes" that the proceedings in behalf of S. E. Hutchinson were procured by him, Warren Webster, J. W. S. Holton, S. P. Wetherill, Jr., Henry Brinton, and others to the petitioner unknown, for the purpose of acquiring the assets and business of the Philadelphia & Gulf Steamship Company, free and clear of the liens of all creditors, except mortgages, for a sum grossly out of proportion to the real and appraised value of the same, so that the entire assets of the Philadelphia & Gulf Steamship Company, worth approximately $500,000 or more, have been disposed of for the approximate sum of $25,000 cash, which sum is still subject to the lien of all creditors.

While the petition does not set out what relief is asked by the petitioner, it is apparent that it is desired either to set aside the sale of the good will, etc., or of the ships, or both, or that it is desired to

hold the directors personally liable for their acts. It is apparent that the allegations contained in the petition are too vague and uncertain to entitle the petitioner to set aside the sale. Taking first the sale of April 24, 1913, there is nowhere in the petition an allegation that a better price could have been obtained for the assets sold under that order, nor does the petition allege that the petitioner or any one else was willing to pay or offered to pay more for these assets. There is no denial that the sale of the steamships Mae and Evelyn, as shown by the receiver, was widely advertised, and that no bid was made for either of the vessels, separately or together, when they were first put up for public sale, and there is no allegation in the petition that a better price could have been obtained, nor any offer or expression of willingness by the petitioner to pay a better price than that finally obtained. Moreover, if the relief desired is to set aside the several sales of the assets of the company, he is undoubtedly barred by his laches, as it appears by the allegation in his petition that on December 28, 1912, he was notified by the receiver of the present proceedings. State Trust Co. v. R. R. Co. (C. C.) 120 Fed. 398.

As to any other relief, none of the parties said to have combined to acquire the assets of the company are parties to this suit, except Mr. Hutchinson, the plaintiff, and Mr. Wetherill, the receiver. There is no denial in the petition of the facts set out in the petition for leave to sell the Evelyn and Mae that all the stockholders were given an opportunity to subscribe to stock in a new company to take over these vessels. The naked averment that the plaintiff, Mr. Hutchinson, and others, who were stockholders and directors in the defendant company, became stockholders and directors in the company which is said to have been the purchaser of the pier facilities and good will of the company, would not be sufficient to sustain a bill against them, without a specific charge of fraud or collusion or showing of want of good faith. Continental Bank v. Allis-Chalmers Co. (D. C.) 200 Fed. 600; Marks et al. v. Merrill Paper Co. et al., 203 Fed. 16, 123 C. C. A. 380; Buchler v. Black (D. C.) 213 Fed. 880.

[2, 3] The petition concludes with a statement as to petitioner's "belief" that the parties named in the petition combined to acquire the assets and business of the company at an inadequate price, but his belief is not based upon information that such is the case. There is no charge of fraud or collusion, except by suggestion. The bill is filed by Mr. Hutchinson as a creditor. There is no denial of the indebtedness of the company to him, and there is no rule of law or equity which prohibits a creditor of a corporation from bringing suit because he is also a director. It is apparent that the petition does not set out any legal or equitable ground upon which the petitioner could base a bill against the corporation, or against its officers or directors, if they were parties. If it is his desire to hold the plaintiff, Mr. Hutchinson, the receiver, and the other directors liable to him personally for losses incurred as a stockholder, his remedy would undoubtedly be by separate bill. Forbes v. Railroad Co., 2 Woods, 323, Fed. Cas. No. 4,926; Land Title & Trust Co. v. Asphalt Co.

(C. C.) 114 Fed. 484; Lombard Ins. Co. v. Lumber Co. (C. C.) 74 Fed. 325.

The present bill was filed for the purpose of preserving the interests of all creditors so far as possible and of continuing the business. The proceedings have been regular and orderly throughout. To enforce in this proceeding a personal liability against the receiver or against the directors of the corporation would not be "in subordination to and in recognition of the propriety of the main proceedings." Supreme Court Rule in Equity 37 (198 Fed. xxviii, 115 C. C. A. xxviii).

[4] It would be entirely contrary to orderly procedure to permit a confusion of issues by allowing the petitioner to interfere with the present proceedings after raising no objection to them for a period of 18 months and standing by until after final decrees of sale were made. He cannot, upon discovery at this late date that the proceedings are "adverse to his interest," raise issues not germane to the present suit.

The prayer of the petition is denied, and the petition dismissed.