**UNITED STATES v. BAYER CO., Inc. (NEW YORK) et al.**

United States District Court
S. D. New York.
May 22, 1952.

Wilbur L. Fugate, Special Asst. to the Atty. Gen., for plaintiff.

Herbert L. Abrons, New York City, Donald O. Lincoln, Washington, D. C., for defendant, General Aniline & Film Corp.

SUGARMAN, District Judge.

On April 9, 1923, the defendant, The Bayer Company, Inc., a New York corporation, (hereinafter called Bayer), wholly owned subsidiary of the defendant, Sterling Products Incorporated, a Delaware corporation, (hereinafter · called Sterling), entered into an agreement with Farbenfarbriken Vorm. Friedr. Bayer & Company, a German corporation, (hereinafter called Leverkusen), wherein it was agreed, among other things, that certain trade mark and patent conflicts be settled by the transfer by Leverkusen to Bayer of Leverkusen's Cuban trade marks, rights and patents, and that Bayer have exclusive sales rights in Cuba for certain products therein named, for which Bayer was to pay Leverkusen one half of its annual Cuban profits for a minimum of fifty-five years.

On December 1, 1925, I. G. Farbenindustrie Aktiengesellschaft, a German corporation, (hereinafter called Farben), through a predecessor, acquired ownership of Leverkusen.

On November· 15, 1926, Farben and Bayer contracted, among other things, to affirm, ratify· and accept the April 9, 1923 agreement between Bayer and Leverkusen with the same force and effect as though it had been entered into by Bayer and Farben. Shortly thereafter Farben assigned the profits under its contract with Bayer, to General Aniline Works, Inc., a Delaware corporation. On October 31, 1939, General Aniline Works, Inc., was merged with the defendant General Aniline and Film Corporation, (hereinafter·called General), the movant herein.

Bayer and Sterling paid General Aniline Works, Inc., for the years 1930 to 1938 inclusive and General, for the years 1939 and 1940, an aggregate in excess of $600,000 under·the contracts. No payments were made by Bayer and Sterling to General for profits earned after 1940 because, on September 5, 1941 a suit was commenced by the United States of America, plaintiff herein, against Bayer, Sterling and two

officers of Sterling, under § 4 of the Sherman Anti-Trust Act, Act July 2, 1890, c. 647, 26 Stat. 209, to restrain violations of § 1 of said Act.

On the same day, September 5, 1941, a decree was entered in that suit on consent of the four defendants there named, without trial and without the admission by any party in respect of any issue, decreeing (a) that the court had jurisdiction under the Sherman Anti-Trust Act; (b) that, the 1923 contract between Bayer and Leverkusen and the 1926 contract between Bayer and Farben being unlawful

> "the defendants Bayer and Sterling, and their respective successors and subsidiaries, or any of them, be and they hereby are enjoined and restrained from carrying out or enforcing any of the aforesaid contracts, or any supplements, amendments or modifications thereof, or from paying to I. G. Farben, its subsidiaries, successors or assigns, any royalties or share of profits pursuant to said contracts with respect to sales following the effective date of this decree * * *";

and (c) that

> "jurisdiction of this cause is retained for the purpose of enabling any of the parties to this decree to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this decree, for the modification or termination of any of the provisions thereof (having regard for such laws or regulations of any state or country in which the parties bound by this decree may be doing business as may be relevant), for the enforcement of compliance therewith, and for the punishment of violations thereof".

On October 24, 1945, General commenced an action in the New York Supreme Court, New York County, against the successors to Bayer and Sterling for $1,000,000 for its share of the Cuban profits for the years 1941 to 1944 inclusive. Bayer and Sterling pleaded, as complete defenses to that action, the decree of September 5, 1941, entered in this court as aforesaid. General then moved to strike out said defenses. That motion was granted by an order entered in the New York Supreme Court on July 30, 1946 supported by the court's decision reported at General Aniline & Film Corp. v. Bayer Co., 188 Misc. 929, 64 N.Y.S.2d 492. Bayer and Sterling thereafter appealed to the Appellate Division, First Department and said appeal is still pending.

On December 18, 1951, the plaintiff, United States of America, moved before this court, on notice only to the original four defendants (Bayer, Sterling and the two individuals) for leave to summon General as an additional party defendant and to file a supplemental complaint against General in the original anti-trust suit, asserting in substance that General's New York suit against Bayer and Sterling conflicts with this court's decree of September 5, 1941 and purposes the enforcement of contracts declared by this court to be unlawful. The motion was granted on the consent of the four defendants notified thereof and an order to that effect duly made.

General, having been duly served with the supplemental summons and supplemental complaint, now moves to dismiss the latter. The supplemental complaint states that it is brought against General "in aid of the the previously acquired jurisdiction of this Court and to protect and effectuate the Final Judgment entered herein on September 5, 1941 * * *" and that, though not originally named as a defendant, General has acted and is acting "so as to defeat the jurisdiction of the Court * * * and to obstruct and thwart the effectuation of the provisions of said Final Judgment". The supplemental complaint then prays that (1) General be required to appear and answer and (2) General be ordered to discontinue its action in the New York Supreme Court and confine its quest of payments under the 1923 and 1926 contracts to proceedings in this court.

General's attack upon the supplemental complaint consists of the points that (1) it fails to state a claim upon which relief can be granted; (2) the court lacks jurisdiction over the person; (3) the court lacks jurisdiction over the subject matter; (4) a

supplemental complaint is not the proper procedure under the circumstances.

Points (1), (2) and (3) above stem from a common basis—that General, not having been a party to the original anti-trust suit and not having had an opportunity of being heard therein, cannot now be saddled with the restrictions imposed by the resultant decree. Enough is said in the decision by Special Term of General's motion to strike out the Bayer and Sterling defenses in the New York Supreme Court action, supra, [188 Misc. 929, 64 N.Y.S.2d 499], to manifest the validity of that contention. The New York Supreme Court pointed the course when it said

"If plaintiff [General] attempted to intervene in the anti-trust action where the decree was entered five years ago, it would be met with 'the settled rule of practice that intervention will not be allowed for the purpose of impeaching a decree already made' and an order denying leave to intervene would not be appealable. United States v. California Co-op Canneries, 279 U.S. 553–556, 49 S.Ct. 423, 424, 73 L.Ed. 838. It would seem from the above quoted provision of the decree that any motion to bring plaintiff into that proceeding should emanate from one of the parties thereto, inasmuch as plaintiff [General] now is subject to the process of that court.

"Without attempting to prejudge at this time what determination should be made if and when the Attorney General of the United States should take such action, this court would not be justified in relinquishing jurisdiction on any theory of comity at this time, when there is no pending action to which plaintiff [General] is a party, where it can obtain the same full hearing on the merits of this defense of illegality."

But United States of America, the plaintiff herein, by its supplemental complaint goes far beyond merely bringing General into the anti-trust proceeding. It seeks to have the decree, entered on the consent of Bayer, Sterling and the two individual defendants, (understandable consent, for it forbade Bayer and Sterling to make further payments under the contracts) declared binding on General. To that extent, General's objection is well founded.

However, dismissal of the supplemental complaint need not necessarily follow, for it is the rule that "a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim*" (emphasis in original). Moore's Federal Practice, 2d Ed., Vol. 2, p. 2245, par. 12.08 and cases cited in footnote 6.

Section 5 of the Sherman Anti-Trust Act affords ample authority, when read in conjunction with paragraph V of the decree of September 5, 1941 (quoted above) to entitle the plaintiff herein, upon proper proof, to the relief sought in the original complaint, against General, which is now a defendant before this court.

Accordingly, General's instant motion to dismiss the supplemental complaint herein, as predicated upon its points (1), (2) and (3) above, is denied, but the supplemental complaint is limited to such relief against General as was sought against the original defendants in the original complaint.

General's fourth point, i. e., that the supplemental complaint be dismissed for lack of notice to it of the motion to bring it in, lacks merit. In view of the foregoing disposition of the supplemental complaint, all that remains of the order granting plaintiff's motion on consent of the other defendants to bring General in, is "that leave is hereby granted to the plaintiff to summon General * * * as an additional party defendant herein". Under F.R.Civ.P. 21, 28 U.S.C.A., "a proposed new party need not be given notice of the motion to add him". Moore's Federal Practice, 2d Ed., Vol. 3, p. 2908, par. 21.05 and cases cited in footnote 4.

Submit order consistent herewith.