178

UNITED STATES of America

v.

AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, et al. Telephonic
Equipment Corporation, Appellant.

UNITED STATES of America

v.

WESTERN ELECTRIC COMPANY,
INC., et al. Telephonic Equipment
Corporation, Appellant.

UNITED STATES of America

v.

AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, et al. Telephonic
Equipment Corporation, Appellant.

UNITED STATES of America

v.

WESTERN ELECTRIC COMPANY,
INC., et al. Telephonic Equipment
Corporation, Appellant.

UNITED STATES of America

v.

AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, et al. Telephonic
Equipment Corporation, Appellant.

UNITED STATES of America

v.

AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, et al. Telephonic
Equipment Corporation, Appellant.

Nos. 82–2286, 82–2288 and 82–2296,
82–2506 to 82–2508.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 12, 1983.

Grant S. Lewis, New York City, was on the motions for appellant, Telephonic Equipment Corp.

Lee M. Mitchell, Julie D. Nelson, Washington, D.C., Alfred A. Green, New York City, George L. Saunders and Robert D. McLean, Chicago, Ill., were on the motions for appellee, American Tel. and Tel. Co., et al.

Barry Grossman and Nancy C. Garrison, Washington, D.C., were on the motions for appellee, U.S.

### MOTIONS TO DISMISS

Before MIKVA and EDWARDS *, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

These motions require that we decide whether the Expediting Act of 1903, ch. 544, § 2, 32 Stat. 823 (codified as amended at 15 U.S.C. § 29 (1976)), divests this court of intermediate appellate jurisdiction in a case properly certified to and accepted by the Supreme Court for direct review. The Expediting Act, whose purpose is "to ensure speedy disposition of suits in equity brought by the United States under the Anti-Trust Act," *United States v. California Cooperative Canneries,* 279 U.S. 553, 558, 49 S.Ct. 423, 424, 73 L.Ed. 838 (1929), originally

vested exclusive jurisdiction in the Supreme Court over all appeals in government-instituted antitrust litigation. Following criticism that direct review of all such cases was unduly burdening the Court's docket, Congress amended the Act in 1974 to vest immediate appellate jurisdiction in the courts of appeals with the proviso that a district court may certify for direct Supreme Court review appeals in cases "of general public importance." The question these motions present is whether, under the amended Act, the Supreme Court assumes exclusive jurisdiction over the entire case when it accepts appeals certified for direct review. We conclude that it does and that all appeals from the district court in this case should have been taken directly to the Supreme Court. We therefore dismiss this appeal.

### I. BACKGROUND

This case has its origin in a recent suit brought by the United States against the American Telephone and Telegraph Company ("AT & T"), in which the government had alleged AT & T violation of the Sherman Act, 15 U.S.C. §§ 1, 2, and had sought as relief divestiture of AT & T subsidiaries. Trial commenced on January 15, 1981. After the close of the government's case, the government and AT & T announced a proposed settlement based on modification of an earlier consent decree. The district court subsequently approved the settlement, modifying the final judgment in the earlier decree ("the MFJ"), *United States v. American Telephone and Telegraph Co.,* 552 F.Supp. 131 (D.D.C.1982), and pursuant to the MFJ, gave AT & T eighteen months—until February 24, 1984—to complete a massive reorganization.

After entering the MFJ, the court authorized 108 states, state regulatory commissions, and private parties, many of whom had filed briefs in the proceeding, to intervene for purposes of appealing the MFJ and participating in subsequent reorganization proceedings. The court, however, denied as untimely Telephone Equipment Corpora-

---

* Circuit Judge Edwards did not participate in the consideration and disposition of this motion.

tion's ("TEC") motion to intervene; TEC had not responded to the court's invitation to interested parties "to indicate whether they request participation as intervenors," Memorandum Order, *United States v. AT & T,* No. 74–1689, at 5 & n. 14 (D.D.C. May 25, 1983), and had not otherwise sought to intervene between January 8, 1982, when the MFJ was proposed, and August 24, when the court formally approved the MFJ. Nineteen intervenors appealed the entry of the MFJ to this court. Of these, one appealed on the substantive ground TEC sought to raise: the authority of the court to restrict the collateral use of the consent decree by private parties. TEC also noted an appeal, callenging the court's denial of intervention and raising this substantive challenge to the MFJ.

On November 10, pursuant to motions filed by several intervenors and after concluding that direct Supreme Court review was "of general public importance in the administration of justice," the district court certified the nineteen appeals to the Supreme Court. Memorandum Order, *United States v. AT & T, supra* (Nov. 10, 1983); *see* 15 U.S.C. § 29(b) (1976). At the same time, the court rejected TEC's petition for certification of the appeal from denial of intervention. TEC did not appeal this order. However, when the intervenor who had appealed on the substantive ground TEC sought to raise voluntarily dismissed its appeal, TEC petitioned the Supreme Court for leave to intervene and argue the private use issue in two of the certified appeals.

After the district court certified the intervenors' appeals and those appeals were docketed in the Supreme Court, we ordered the appeals in this court, including TEC's, held in abeyance pending Supreme Court action. On March 1, 1983, the Supreme Court, without expressly ruling on TEC's motion, summarily affirmed the district court judgment. *Maryland v. United States,* —— U.S. ——, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983). Following the Court's summary affirmance, we granted AT & T's unopposed motion to dismiss the intervenors' appeals. Soon thereafter, TEC filed the motion now before us seeking to reacti-

vate its appeal in this court. TEC has taken the position that it may now pursue its appeal in this court because the Supreme Court did not have before it in *Maryland v. United States* either the challenge to the denial of intervention or the private use issue.

## II. DISCUSSION

AT & T and the government argue that we should dismiss TEC's appeal. They contend that certification of the intervenors' appeals from the MFJ under the Expediting Act vested exclusive jurisdiction over the entire case in the Supreme Court, that any appeal TEC might have taken from the denial of intervention should have been to the Supreme Court, and that the Court's summary affirmance of the MFJ precludes this collateral effort to attack the decree. We agree. In reaching this conclusion, we need address only whether the Expediting Act required that TEC take any appeal from the denial of intervention directly to the Supreme Court. *See United States v. AT & T,* 642 F.2d 1285, 1290 (D.C.Cir.1980) (the general rule in this circuit is that "one who is not a party to a record and judgment is not entitled to appeal therefrom").

Under the original Expediting Act of 1903, TEC could have appealed the denial of intervention only to the Supreme Court. Prior to 1974, the Act gave the Supreme Court exclusive jurisdiction over appeals from final judgments in government-instituted antitrust litigation; section 29 provided:

> In every civil action brought in any district court of the United States under [federal antitrust law], wherein the United States is complainant, an appeal from the final judgment of the district court will lie only to the Supreme Court.

Ch. 544, § 2, 32 Stat. 823 (1903), (current version at 15 U.S.C. § 29 (1976)); *see United States v. California Cooperative Canneries,* 279 U.S. 553, 558, 49 S.Ct. 423, 424, 73 L.Ed. 838 (1929). Although framed in terms of final judgments, the Act applied as well to interlocutory appeals, *Tidewater Oil*

*Co. v. United States,* 409 U.S. 151, 154–56, 93 S.Ct. 408, 411–12, 34 L.Ed.2d 375 (1972), including appeals from denial of intervention, *California Cooperative Canneries, supra,* 279 U.S. at 559, 49 S.Ct. at 425; *see NAACP v. New York,* 413 U.S. 345, 355, 93 S.Ct. 2591, 2597, 37 L.Ed.2d 648 (1973). When faced with an appeal from denial of intervention, the Court's practice was to postpone decision on the merits pending disposition of the intervention appeal. *See, e.g., Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); *Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961); *Sutphen Estates, Inc. v. United States,* 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19 (1951).

■ Although the 1974 amendments to the Expediting Act dramatically altered appellate procedure in these cases, they did not modify the original Act's rejection of fragmented appeals in expedited cases. 15 U.S.C. § 29 (1976). To relieve the Supreme Court of the burden of direct review in all government-initiated antitrust cases, Congress vested appellate jurisdiction over final and interlocutory orders in the courts of appeals. 15 U.S.C. § 29(a) (1976); *see* S.Rep. No. 298, 93d Cong., 1st Sess. 8 (1973); *cf. Tidewater Oil Co. v. United States, supra,* 409 U.S. at 174, 93 S.Ct. at 421. Section 29(a) now provides that any appeal from a final judgment or interlocutory order in a government-initiated antitrust action must be taken to the appropriate court of appeals, subject to review by the Supreme Court upon a writ of certiorari.

At the same time, Congress specified that a direct appeal may be taken if "the district judge who adjudicated the case enters an order stating that immediate consideration of the appeal by the Supreme Court is of general public importance in the administration of justice." 15 U.S.C. § 29(b) (1976). On issuance of such an order and after filing of the appeal and any cross-appeal in the Supreme Court, the Court

shall thereupon either (1) dispose of the appeal and any cross-appeal in the same manner as any other direct appeal autho-

rized by law, or (2) in its discretion, deny the direct appeal and remand the case to the court of appeals, which shall then have jurisdiction to hear and determine the same as if the appeal and any cross-appeal therein had been docketed in the court of appeals in the first instance pursuant to subsection (a) of this section.

*Id.*

Pursuant to these procedures, TEC and the nineteen intervenors who challenged the MFJ proceedings filed appeals in this court and then asked the district court to certify the appeals to the Supreme Court for direct review. When the district court certified the appeals—and expressly denied TEC's request for certification—appellate jurisdiction vested in the Supreme Court. If, as under the original Expediting Act, this exclusive jurisdiction was over the entire case, TEC could have pursued its challenge to the denial of intervention only in the Supreme Court. *Cf. California Cooperative Canneries, supra,* 279 U.S. at 559, 49 S.Ct. at 425.

■ Although TEC petitioned the Supreme Court for leave to intervene in two of the certified appeals, TEC did not take a direct appeal either from the district court's denial of intervention or of certification. Ordinarily, failure to pursue an appeal, whether to an intermediate appeals court or to the Supreme Court, precludes subsequent litigation of a claim. Thus, the Court's judgment in *Maryland v. United States* is final and, according to well-settled principles, the judgment bars later litigation both as to matters actually litigated and decided and matters that might have been litigated. *See Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir. 1981); *Tutt v. Doby,* 459 F.2d 1195, 1197 (D.C.Cir.1972); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* §§ 4406–4415 (1981). Although neither the denial of certification nor intervention was actually litigated, these are matters that could have been litigated in that proceeding.

TEC nevertheless contends that it need not have taken a direct appeal because the district court's certification was selective. TEC reads the Expediting Act to allow fragmented consideration of appeals from the MFJ by different courts. Because the Act does not explicitly require that all appeals be taken at one time to the Supreme Court, TEC argues, this court should not so construe the statute.

We disagree. There is no indication in the Expediting Act that Congress intended to permit multiple appeals in different courts. To the contrary, the language of the Act, its legislative history and purpose, and the case law construing the original Expediting Act suggest that upon certification all parties, including intervenors, must pursue *all* matters on appeal to the Supreme Court. The Act provides that when the district court certifies an appeal "the appeal and any cross appeal shall be docketed" in the Supreme Court and the Court shall either "dispose of the appeal and any cross appeal" or reject the certification and "remand the *case*" to the court of appeals. 15 U.S.C. § 29(b) (emphasis added). Although framed in terms of a single set of litigants and a single appeal and cross appeal, this procedure clearly contemplates immediate resolution of the entire case.

Nothing in the 1974 amendments altered the original Act's prohibition against fragmented appeals in expedited cases. In the 1974 amendments, Congress sought to relieve the Supreme Court of the burden of hearing direct appeals in all government-initiated antitrust litigation but, in establishing a certification procedure, recognized that the public interest would require direct and immediate review in some cases. *See* H.R. No. 298, 93d Cong., 1st Sess. 7–8 (1973); H.R.Rep. No. 1463, 93d Cong., 2d Sess. 10–11 (1974), U.S.Code Cong. & Admin.News 1974, 6535. As the House Committee on the Judiciary noted in its report to the full House,

> The exception provided for possible direct Supreme Court post-trial review of litigated government civil antitrust cases reflects legislative recognition of the Attorney General's responsibilities to coordinate national antitrust enforcement policies and the necessary discretion incident to this legislatively imposed responsibility; and, that public antitrust cases differ in nature sufficiently from private antitrust cases and concerns to warrant providing the Attorney General with possible direct Supreme Court post-trial review in appropriate cases. Moreover, the legislative conferral of discretion in post-trial appeals on the Attorney General is expected to increase vigorous enforcement of the antitrust laws by the Department of Justice.

H.R.Rep. No. 1463, *supra,* at 11, U.S.Code Cong. & Admin.News 1974, at 6541.

The congressional purpose in creating a certification procedure—expedited resolution of cases of sufficient importance to warrant direct review—obviously would be defeated if an appeal lay in this court from the district court's denial of intervention at the same time the Supreme Court had under consideration direct appeals from the district court's final decree. *Cf. California Cooperative Canneries, supra,* 279 U.S. at 559, 49 S.Ct. at 425. Thus, once the Supreme Court assumed jurisdiction to review the MFJ all subsequent appeals, including TEC's appeal from the denial of intervention or an appeal from the denial of certification, had to have been brought in that court. TEC's argument that it unsuccessfully sought certification from the district court does not excuse its failure to take a direct appeal; TEC should have appealed the district court's denial of certification. Nor do we find exculpatory TEC's observation that "[i]n the face of the District Court's express refusal to certify TEC's appeals, it would have constituted gross arrogance for TEC (and its counsel) to have flaunted that order and nevertheless tried to docket TEC's appeal with the Supreme Court." TEC Response to United States Motion to Dismiss at 4. Accordingly, we grant the motions to dismiss TEC's appeal and dismiss as moot TEC's motion for an order directing the district court to prepare and transmit the record on appeal.