## LINCOLN MOTOR CO. v. LINCOLN MFG. CO.

Court of Appeals of District of Columbia.

Submitted March 12, 1928. Decided May 7, 1928.

No. 1973.

1. **Trade-marks and trade-names and unfair competition** ☞43—Word "Lincoln," already applied to automobiles, held not registrable as trade-mark for automobile brakes and timers.

Word "Lincoln," applied to automobile brakes and timers, *held* so deceptively similar to, and applied to goods of such similar descriptive properties as, same word already applied to automobiles, as to lead to confusion precluding registration thereof as trade-mark.

2. **Trade-marks and trade-names and unfair competition** ☞44—Patent Commissioner's erroneous dismissal of opposition to registration of trade-mark should be reversed, with appropriate directions, though applicant agreed since appeal to discontinue its use.

Patent Commissioner's erroneous decision dismissing opposition to registration of trade-mark should be reversed, with directions to sustain opposition, in order to clear record and permit opponent to use its mark unincumbered by anything arising from proceeding, though applicant agreed since appeal to discontinue and abandon use of such mark.

3. **Costs** ☞256(1)—Costs of portion of record, which appellee unnecessarily brought up by certiorari, must be assessed against appellee.

Costs of portion of record, which appellee unnecessarily brought into Court of Appeals by certiorari to Patent Commissioner, must be assessed against appellee.

Appeal from the Commissioner of Patents.

Application by the Lincoln Manufacturing Company for the registration of a trade-mark, opposed by the Lincoln Motor Company. From a decision of the Commissioner of Patents dismissing the opposition, the opponent appeals. Reversed.

C. R. Halbert, of Detroit, Mich., E. S. Rogers, of New York City, and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

Geo. B. Schley, of Indianapolis, Ind., and Robt. Watson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents dismissing an opposition brought by appellant, Lincoln Motor Company, against the registration of a trade-mark by appellee, Lincoln Manufacturing Company.

The marks of the respective parties consist of the word "Lincoln," with certain embellishments. The mark of appellant company is applied to automobiles known as the Lincoln car, and has been in use since 1920. The mark of appellee company was applied to brakes and timers, manufactured for and used in various cars. It was held by the tribunals of the Patent Office that, while the marks were deceptively similar, their use was not such as to lead to confusion, and the opposition was accordingly dismissed.

The case has taken a turn where we think it unnecessary to enter into any prolonged discussion as to the respective marks. Since the appeal to this court was taken, an agreement has been entered into between the contending parties whereby appellee company has discontinued and abandoned the use of the name "Lincoln" as a trade-mark for automobile parts, and adopted in its place the word "Limaco," for which appellee company has applied for registration and has not been opposed by appellant.

[1] We are of opinion that the tribunals of the Patent Office were in error in not sustaining the opposition, since the marks are not only deceptively similar, but were applied to goods of the same descriptive properties, to an extent that would inevitably lead to confusion.

[2] In order that the record may be cleared, and appellant company be permitted to use its mark unincumbered by anything arising out of this proceeding, the decision of the Commissioner should be reversed, with directions to enter an order sustaining the opposition.

[3] Inasmuch as that portion of the record which was brought into this court by certiorari was unnecessary in the determination of the case, the costs of the same are assessed against the appellee.

The decision of the Commissioner is reversed.