## UNITED STATES v. COLUMBIA GAS & ELECTRIC CORPORATION et al.

### No. 1009.

District Court, D. Delaware.

June 22, 1939.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., Milton Katz and Morris R. Clark, Sp. Assts. to the Atty. Gen. (C. Thurman Arnold, Asst. Atty. Gen., and Wendell Berge and Hugh B. Cox, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

Merritt W. Green and Martin S. Dodd, both of Toledo, Ohio, for City of Toledo.

Raymond J. Kelly, of Detroit, Mich., for the City of Detroit.

Clarence A. Southerland (of Ward & Gray), of Wilmington, Del., and Douglas M. Moffat (of Cravath, de Gersdorff, Swaine & Wood), of New York City, for Columbia Gas & Electric Corporation.

Daniel O. Hastings, of Wilmington, Del., William H. Button and James B. Alley (of Auchincloss, Alley & Duncan), both of New York City, for Columbia Oil & Gasoline Corporation.

NIELDS, District Judge.

Motions by the City of Detroit and the City of Toledo for orders permitting them to intervene as parties defendant in the above cause.

This suit was brought by the Attorney General of the United States under the Anti-Trust Acts, 15 U.S.C.A. § 1 et seq. The defendants duly answered and denied the material allegations of the bill. Upon a stipulation between the parties to this cause a decree was entered on January 29, 1936. Section V of the decree provided: "That jurisdiction of this cause and of the parties hereto is retained for the purpose of giving full effect to this decree and for the enforcement of strict compliance herewith and the punishment of evasions hereof, and for the further purpose of making such other and further orders and decrees or taking such other action as may from time to time be necessary to the carrying out hereof; and that Panhandle Eastern, upon proper application, may become a party hereto for the limited purpose of enforcing the rights conferred by Section IV hereof."

December 21, 1938, United States of America filed its supplemental complaint praying, inter alia, that this court exercise the jurisdiction retained by it in section V above recited and in order to give full effect to said decree that this court enter judgment:

"3. Directing Columbia Gas to divest itself of all control, direct or indirect, legal or practical, of Panhandle Eastern, * * *.

"(a) Directing Columbia Oil to proceed straightway to formulate and submit to this court for approval, * * * a plan for the sale or other disposition by it of all interest which it may have in any stock of Panhandle Eastern;

"(b) Directing Columbia Gas to proceed straightway to formulate and submit to this court for approval, as an alternative to any plan submitted by Columbia Oil pursuant to paragraph (a), * * * a plan for the sale or other disposition by it of all interest which it may have in any securities having present or potential voting rights in Columbia Oil.

"4. Reconstituting the voting trust established pursuant to said decree of January 29, 1936, so as:

"(a) To make the voting trustee a trustee for sale, * * *" for a limited term and with powers and duties appropriately defined.

April 3, 1939 the City of Detroit, a municipal corporation of the State of Michigan, filed a motion for leave to intervene as a party defendant in the above entitled cause. The motion recited that it was based upon a complaint which was annexed to the motion and made a part thereof. In the complaint petitioner alleges inter alia as follows: That on August 31, 1935 Panhandle Eastern made a contract to sell natural gas to Detroit City Gas Company which distributes gas to citizens of Detroit said contract calling for delivery of as much as 90,000,000 cubic feet per day at prices and under terms named; that Panhandle Eastern Pipe Line Company would build, own and operate an extension of its main pipe line from Illinois to Detroit; that since Detroit ultimately will require as much as 222,000,000 cubic feet of natural gas per day "the prices to be paid for such additional gas will be a factor in determining the retail rate ultimately to be paid by domestic and industrial gas users of Detroit"; that an adequate source of low cost natural gas must be assured if the welfare and rights of consumers in Detroit are to be safeguarded; that Panhandle Eastern can become a free and independent competitor of Columbia Gas for supplying Detroit requirements only if the court orders the complete divesting by all of the defendants of any and all securities of Panhandle Eastern. The City of Detroit prayed that all of the defendants be ordered to dispose of their interest in Panhandle Eastern Pipe Line Company to purchasers approved by the court, etc. The specific relief prayed for by petitioner was that an order be made granting leave to petitioner to intervene in this cause.

April 22, 1939, the City of Toledo, a municipal corporation of the State of Ohio, filed a motion for an order permitting it to intervene as a party defendant in the above entitled cause. This motion also recited that it was based upon a complaint which was annexed to the motion and made a part thereof. In said complaint petitioner alleges inter alia as follows:

That Northwestern Ohio Natural Gas Company is a subsidiary of Columbia Gas and Electric Corporation and furnishes natural gas to both industrial and domestic consumers of the City of Toledo and that the rate therefor is six cents ($0.06) per therm; that the Ohio Fuel Gas Company is a subsidiary of Columbia Gas and Electric Corporation and furnishes artificial or natural gas to domestic and industrial consumers of the City of Toledo who live in substantially the same area as that furnished by Northwestern and that the rate charged therefor is nineteen cents ($0.19) per therm; that Northwestern and the Columbia Gas system assert that they have not sufficient natural gas to furnish the demands of the domestic and industrial consumers in the City of Toledo; that the pipe lines of the Panhandle Eastern are situated approximately eight (8) miles west of the city limits of the City of Toledo and by reason thereof the natural gas transported through such lines will be available to the City of Toledo for both industrial and domestic consumers; that the City of Toledo will require as much as 20,000,000 cubic feet of natural gas per day and that the price to be paid for additional natural gas over that now used will be a factor in determining the rates to be paid in the City of Toledo by domestic and industrial consumers; that the City of Toledo contends that an adequate source of low-cost natural gas must be assured if the welfare and rights of domestic and industrial consumers in Toledo are to be safeguarded; that Columbia Oil, which dominates Panhandle Eastern, is and has continued to be subject to control by Columbia Gas and Electric and officers thereof; therefore, the City of Toledo believes that Panhandle Eastern will not be restored to freedom from control and interference and will not be enabled to compete to supply Toledo's additional natural gas requirements, except through adoption of a plan whereby Columbia Oil would dispose of its securities

in Panhandle Eastern. This petitioner contends that Panhandle Eastern can become a free and independent competitor of Columbia Gas for supplying Toledo's requirements only if this Court orders the complete divesting by all of the defendants of any and all securities of Panhandle Eastern.

The City of Toledo prayed that Columbia Gas and Electric Corporation be divested of all control over Panhandle Eastern Pipe Line Company and that said defendants be forthwith ordered to dispose of their interests in Panhandle Eastern Pipe Line Company to such purchaser or purchasers as may be approved by the Court. The specific relief prayed for was that an order be made granting leave to petitioner to intervene.

May 4, 1939 the United States, plaintiff herein, consented to the intervention of the City of Detroit and the City of Toledo. It filed the following memorandum in this court: "At the hearing on the motions of the City of Detroit and the City of Toledo to intervene in the above-entitled matter, which took place on April 22, 1939, the United States, plaintiff herein, expressed its consent in open court to the intervention by the City of Detroit. Owing to the fact that the corresponding motion by the City of Toledo was not argued, the Government did not explicitly announce its consent to the intervention by the City of Toledo. Although we have assumed that such consent on our part has been understood, it seems desirable to make it explicit. Accordingly, this memorandum is filed to express the consent of the United States to intervention in the above-entitled matter by both the City of Detroit and the City of Toledo."

Neither the City of Detroit nor the City of Toledo contends that it is entitled to intervention as a matter of right. They agree that subdivision (a) of Rule 24, 28 U.S.C.A. following section 723c does not apply. They contend, however, that it is within the discretion of the court to permit either or both cities to intervene under subsection (2) of subdivision (b) of Rule 24 of the Rules of Civil Procedure which reads as follows: "* * * or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prej-

udice the adjudication of the rights of the original parties."

The motions of both cities for orders granting them leave to intervene as parties defendant in this suit expressly state that their motions are based upon allegations in the annexed complaints. A reading of the complaints shows that the gravamen of each complaint is rates or charges for natural gas paid or to be paid by the users thereof. Gas rates, present and future, are outside the scope of the issues raised by the Government's supplemental complaint. To be entitled to permissive intervention an applicant for intervention can not introduce issues outside the scope of the issues raised in the main suit. United States v. Columbia Gas & Electric Corporation, D.C., 27 F.Supp. 116, 120.

Rule 24, subsection (2) of subdivision (b) provides that in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. It is clear that the introduction of the issues raised by the two complaints of these cities into the main suit will delay and prejudice the adjudication of the rights of the original parties and this court so finds.

The motions must be denied.