614

**MISSOURI–KANSAS PIPE LINE CO. v.
UNITED STATES et al.**

**Nos. 7177, 7183.**

Circuit Court of Appeals, Third Circuit.
Dec. 15, 1939.

Martin G. Hannigan, of Wilmington, Del. (Kenneth E. Walser, of New York City, of counsel), for appellant.

Cravath, de Gersdorff, Swaine & Wood, of New York City, Ward & Gray, of Wilmington, Del. (Clarence A. Southerland, of Wilmington, Del., and Douglas M. Moffat, of New York City, of counsel), for defendants-appellees Columbia Gas & Electric Corporation, George H. Howard, Philip G. Gossler, Thomas R. Weymouth, Thomas B. Gregory and Edward Reynolds, Jr.

Daniel O. Hastings, of Wilmington, Del., and William H. Button and Auchincloss, Alley & Duncan, all of New York City (William H. Button and James B. Alley, both of New York City, of counsel), for defendant-appellee Columbia Oil & Gasoline Corporation.

Thomas J. Lynch, of Washington, D. C., Wm. L. McGovern, Sp. Assts. to Atty. Gen., and Thurman Arnold, Asst. Atty. Gen., for appellee United States.

Before MARIS, CLARK, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

These are consolidated appeals from orders of the United States District Court for the District of Delaware, entered March 30, 1939 and July 10, 1939, respectively, 27 F.Supp. 116, 28 F.Supp. 168, denying petitions of Missouri-Kansas Pipe Line Company, the appellant, for leave to intervene. The suit was brought by the United States under the anti-trust laws[1] against Columbia Gas & Electric Corporation, Columbia Oil & Gasoline Corporation, and certain individuals, to restrain an alleged monopoly by divesting the Columbia Companies of their control over Panhandle Eastern Pipe Line Company, which had been organized as a wholly owned subsidiary of the appellant. A consent decree was entered on January 29, 1936, under which voting stock of Panhandle, owned by Columbia Oil, was transferred to a trustee. On January 12, 1939, the Government filed a supplemental complaint to effect a complete divestiture of the stock. On February 6, 1939 appellant filed a motion for leave to intervene, alleging that its principal asset was a block of Panhandle stock, and seeking intervention as a matter of right, under Rule 24

[1] Act of July 2, 1890, c. 647; Act of Oct. 15, 1914, c. 323, 15 U.S.C.A. § 1 et seq.

of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that it would be adversely affected by any disposition of the Panhandle stock which had been trusteed and which it claimed was "property in the custody of the court or of an officer thereof."[2] On March 30, 1939, the court entered an order denying intervention. On May 15, 1939, the Government moved for a vacation of the consent decree, and filed an amended complaint; and on June 20, 1939, the defendants moved for a modification of the consent decree and submitted a proposed plan to accomplish the divestiture. On July 5th, appellant again sought intervention which was refused on July 10th.

■ It is unnecessary to consider whether the appellant had an absolute right of intervention under the Rule, or whether the order denying leave to intervene was interlocutory or final, since we are of the opinion that this court is without jurisdiction to consider the appeal.

The question is specifically ruled by United States v. California Cooperative Canneries, 279 U.S. 553, 558, 559, 49 S.Ct. 423, 425, 73 L.Ed. 838. In that case a consent decree had been entered against certain meat packers. Two years later the cooperative filed a petition to intervene. The Supreme Court of the District of Columbia denied intervention. The Court of Appeals reversed and directed that appellant be allowed to intervene. California Co-op. Canneries v. United States, 55 App. D.C. 36, 299 F. 908. The Supreme Court reversed the judgment of the Court of Appeals and held that appeals under the Expediting Act[3] must be taken directly from the District Court to the Supreme Court. "Thus, Congress limited the right of review to an appeal from the decree which disposed of all matters, see Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616; and it precluded the possibility of an appeal to either court from an interlocutory decree. * * * The purpose of Congress to expedite such suits would obviously be defeated if in the District of Columbia an appeal lay to the Court of Appeals from a denial of a motion for leave to intervene."

That the Expediting Act is only to facilitate enforcement of the final decree and that here there is no final decree, is urged by appellant, but not sustained by the Supreme Court's construction of the Act. And, whether or not these two orders are interlocutory or final, it is perfectly clear from that decision that we have no jurisdiction to hear the appeals.

The appeals are therefore dismissed.

■ The transcript of record in this case consists of 1486 pages, of which 361 only were printed under appellant's praecipe, and the balance under the praecipe of the two corporate appellees. We think that the narrow questions presented to us do not warrant the printing of such an elaborate record, in no sense justified by the appeal. Appellant should not be called upon to pay these unnecessary costs; and we accordingly direct that three-fourths of the costs of printing the record be taxed against Columbia Gas & Electric Corporation and Columbia Oil & Gasoline Corporation jointly; and the balance of the costs on appeal against appellants.[4]

---

[2] "(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

[3] Act of Feb. 11, 1903, § 2, 15 U.S.C.A. § 29. *"Appeals to Supreme Court.* In every suit in equity brought in any district court of the United States under any of the laws mentioned in the preceding section, wherein the United States is complainant, an appeal from the final decree of the district court will lie only to the Supreme Court and must be taken within sixty days from the entry thereof."

[4] Although rule 29 of our Court, dealing with costs, does not apply to cases where the appeal is dismissed for want of jurisdiction, this Court has undoubtedly power in equity cases to allow costs in its discretion. H. H. Robertson Co. v. Klauer Mfg. Co., 8 Cir., 98 F.2d 150. Courts have exercised this discretion in not permitting costs of printing part of the record not necessary to the determination of the relevant issues. Syracuse Engineering Co. v. Haight, 2 Cir., 97 F. 2d 573, 574; Kynerd v. Hulen, 5 Cir., 5 F.2d 160; Amerlux Steel Corp. v. Johnson Line, 9 Cir., 33 F.2d 70; Davis v. Carrier, Cust.&Pat.App., 81 F.2d 250; Lincoln Motor Co. v. Lincoln Mfg. Co., 58 App.D.C. 191, 26 F.2d 563.