James A. VAUGHAN, E. Lewis Burnham, Edwin A. Stevens, Jr., and Roland I. Dunn, Plaintiffs,

v.

Albert G. DICKINSON, Grace T. Dickinson, Dorothy Dickinson Sanderson, Eleanor Dickinson Cooper, Charlotte Dickinson Huntington, and Henry Randel Dickinson, individually and as Trustee and doing business as Dickinson Brothers and as Ozokerite Mining Company, Defendants.

Civ. A. No. 2103.

United States District Court
W. D. Michigan, S. D.
Aug. 22, 1955.

**324**

James A. Vaughan, New York City, in pro. per.

Connolly, Cooch & Bove, and Thomas Cooch, Wilmington, Del., and Rosemary Scott, Grand Rapids, Mich., for William Duffy, trustee.

STARR, Chief Judge.

To make clear the question presented by the motion of Duffy, trustee of the Petroleum Conversion Corporation, to intervene in this Civil Action No. 2103, it is necessary that the court state briefly the facts as to the preceding and present litigation relating to Albert G. Dickinson.

It appears that on or about August 3, 1948, a decree was entered in the United States District Court for the southern district of New York, determining that James A. Vaughan and other intervening claimants in litigation pending in that court were entitled to recover from Albert G. Dickinson the sum of $408,-949.57. It further appears that this decree or award against Albert G. Dickinson was for the benefit of James A. Vaughan and about 70 other intervening claimants.

On September 17, 1948, complaint was filed in this court in Civil Action No. 1203, wherein James A. Vaughan and other named plaintiffs, for the benefit of themselves and all other judgment creditors of Dickinson under the decree of the District Court of New York, sought to recover a judgment against Dickinson for the amount awarded by the New York district court decree, plus interest. Later a certified copy of the New York decree or judgment against Dickinson was filed and registered in this court. 82 F.Supp. 416.

On April 11, 1949, judgment was entered in Civil Action 1203 in favor of Vaughan and other judgment creditors against Albert G. Dickinson for the sum of $409,956.03. Execution issued on this judgment against Dickinson was returned unsatisfied.

On July 17, 1952, Vaughan and other named plaintiffs, for the benefit of themselves and other judgment creditors, filed complaint in a class action in this court against Albert G. Dickinson and other members of his family in present Civil Action No. 2103. This present action was somewhat in the nature of a judgment-creditors' bill, whereby the plaintiffs sought to cause certain properties claimed to be owned by Dickinson or to have been wrongfully transferred by him without consideration to members of his family, to be subjected to and applied in satisfaction of the judgment of the plaintiffs against Dickinson.

In other words, this present action, Civil Action No. 2103, is a class action by James A. Vaughan and other plaintiffs in behalf of themselves and other judgment creditors of defendant Albert G. Dickinson, against Dickinson and other members of his family. After prolonged litigation, many hearings, and the taking of much testimony, the court by order entered November 6, 1954, approved a compromise settlement whereby the sum of $100,000 was paid by defendant Albert G. Dickinson in settlement of the judgment claims of all plaintiffs,

said sum of $100,000 being paid to and now being held on deposit in this court, subject to distribution upon the further order or orders of the court.

On March 5, 1955, the court entered an order that counsel for the plaintiffs in this action and any other counsel claiming compensation for services in connection with this proceeding or with proceedings in the United States District Court for the southern district of New York, file petitions for the allowance of their claims for legal services and expense disbursements, and that each judgment creditor of the class entitled to participate in the net proceeds of said compromise settlement, file his respective claim on or before April 15, 1955.

By further order the court extended the time for the filing of petitions and claims, and on July 5, 1955, an order was entered directing that a hearing on all petitions and claims of counsel, and upon all claims of judgment creditors of Albert G. Dickinson entitled to participate in the net proceeds of said compromise settlement, be held today, August 22, 1955, at 10 o'clock in the forenoon.

It appears that James A. Vaughan, one of the named plaintiffs in this class action, filed his petition or claim for compensation for legal services and also his claim as one of the judgment creditors of Albert G. Dickinson for participation in the net proceeds of the compromise settlement, and it appears that Vaughan will be entitled to an allowance for compensation as attorney for the plaintiffs and also to an allowance as a judgment creditor of Albert G. Dickinson to a distributive share of the net proceeds of the compromise settlement.

On April 15, 1955, William Duffy, Jr., trustee in bankruptcy of the Petroleum Conversion Corporation by appointment of the United States District Court for the district of Delaware, filed a motion for leave to intervene in this action for the purpose of asserting a judgment lien against any sums of money that may be payable to James A. Vaughan, one of the named plaintiffs in this action. From the motion of Duffy, trustee, to intervene it apears that on September 7, 1950, a judgment was entered by the referee in bankruptcy for the district of Delaware in favor of the bankrupt estate of Petroleum Conversion Corporation and against said James A. Vaughan in the amount of $30,841.59; that this judgment against Vaughan was affirmed by the United States District Court for the district of Delaware, see In re Petroleum Conversion Corp., D.C., 99 F.Supp. 899; and on appeal was affirmed by the United States Court of Appeals for the third judicial circuit, see 196 F.2d 728; and that Vaughan's petition to the Supreme Court of the United States for a writ of certiorari was denied Vaughan v. Petroleum Conversion Corp., 344 U.S. 917, 73 S.Ct. 346, 97 L.Ed. 707. It further appears that on April 14, 1953, Duffy, trustee, caused the judgment against James A. Vaughan to be registered and filed in this court pursuant to 28 U.S.C.A. § 1963.

In his motion for leave to intervene Duffy, trustee, alleges that his judgment against Vaughan is justly valid, due, and owing, and that nothing has been paid on account thereof and that he is entitled to have the judgment paid and satisfied from any sums of money which may be payable to Vaughan in this proceeding from the compromise settlement fund of $100,000 now on deposit with the clerk of this court. Duffy, trustee, further alleges that unless he is permitted to intervene in this proceeding and recover a lien against any sums of money payable to James A. Vaughan, he may suffer irreparable loss. He asks that he be permitted to intervene in this action for the purpose of asserting a judgment lien against Vaughan upon all sums of money payable to Vaughan in this proceeding.

Duffy, trustee, claims a right to intervene in this action by virtue of Rule 71 and Rule 24(a)(3) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

A reading of Rule 71 clearly indicates that it has no application to the question of the right of the trustee to intervene in this action at this point in the proceeding. Rule 24(a) as amended provides in part:

"Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

It may be noted that Duffy, trustee, is seeking to intervene in this action as a matter of right under Rule 24(a) and that he is not asking for permissive intervention under Rule 24(b).

This motion by Duffy, trustee, to intervene as a matter of right presents some interesting questions, and the court's study indicates that the text writers and courts have had difficulty in establishing definite rules applicable to intervention as a matter of right. In 7 Cyclopedia of Federal Procedure, 3d Ed., § 24.11, page 15, it is stated:

"It has been said that a right to intervene does not arise from a mere claim of interest, and that it was not intended that intervention should be allowed upon any merely baseless claim. The established rule has been that the interest must be an interest in the subject matter of the litigation and not merely an independent right similar to that asserted by a party. A third person without an interest to be affected cannot intervene to try irrelevant issues."

It is stated in 7 Cyclopedia of Federal Procedure, § 24.12, at page 16, as follows:

"The interest must be direct and not remote. It is well settled that the only interest which will entitle a person to the right of intervention in a case is a legal interest as distinguished from interests of a general and indefinite character which do not give rise to definite legal rights. The plaintiff, it has been said, must have such interest that he will either gain or lose by the direct legal operation of the judgment."

In 7 Cyclopedia of Federal Procedure, § 24.17, page 22, the author quotes from United States v. Columbia Gas & Electric Corp., D.C., 27 F.Supp. 116, 120, appeal dismissed Missouri-Kansas Pipe Line Co. v. United States, 3 Cir., 108 F.2d 614, certiorari denied Missouri-Kansas Pipe Line Co. v. Columbia Gas & Electric Corp., 309 U.S. 687, 60 S.Ct. 887, 84 L.Ed. 1030, as follows:

"'The new rule does not specifically set forth the nature of the interest in the property which a person must have in order to establish his claim to intervention as a matter of right. It is improbable that the Supreme Court in promulgating this new rule intended to destroy well established principles as the basis of intervention as of right. It would produce chaos to require the courts to recognize the absolute right to intervention of strangers who had no legal or equitable interest in the subject matter of the action.'"

It has been held that a party seeking to intervene in an action must have some property interest in the res, where the res is a sum of money under the control of the court, and that a mere creditor of a party to the action does not have such an interest in the fund as to permit him to intervene. In 3 Ohlinger's Fed.Prac. page 489, the author in referring to Rule 24(a) (3) states:

"Nor does the fact that a creditor has a judgment upon which an attachment has been issued give him an absolute right to intervene." Citing Harrington Bros., Inc., v.

City of New York, D.C., 35 F.2d 1009.

In the Harrington case a judgment creditor of the plaintiff's sought to intervene in the plaintiff's action against the city of New York and others for the purpose of asserting his claim against any recovery which the plaintiff might obtain against the defendants. The court denied the petition to intervene on the ground that the petitioner had an adequate remedy at law and because the petitioner had no interest whatever in the plaintiff's remedy against the defendants, and that the intervener was only interested in collecting the proceeds which the plaintiff might recover. In denying intervention the court said:

"The petitioner [that is, the intervener] in this case has not any interest in the remedy, as such, sought to be enforced by the plaintiff herein. The petitioner's rights have already been fixed by the state court judgment and cannot be affected by any findings of fact or by the decree which may be entered in this suit here. * * *

"The proposed petitioner is interested only in the proceeds, if any, which will result from this suit, and what he asks here, in effect, is to have this court, sitting in equity, act as a means for collecting a money judgment which the petitioner has secured, by causing any recovery, which may be granted to plaintiff herein, to be paid in part to the petitioner. I do not see that there is any ground whatever for an intervention under such circumstances."

Duffy, trustee, who seeks to intervene in the present action, contends that the Harrington case, from which I quoted, is distinguishable on the ground that it was decided under former equity rule 37. However, I believe that the court's decision in the Harrington case may properly be considered in our discussion of present Rule 24(a) (3) of the Federal Rules of Civil Procedure. As stated in United States v. Columbia Gas & Electric Corp., D.C., 27 F.Supp. 116, 120, from which I quoted, it is improbable that the Supreme Court in promulgating this new rule intended to destroy all established principles as the basis of intervention as of right.

In 4 Moore's Federal Practice, 2d Ed., par. 24.09, page 45, the author states:

"What kind of an interest must a petitioner have in property subject to the control of a court before he can claim an absolute right to intervene? Obviously it must be an interest known and protected by the law: a claim of ownership, or a lesser interest, sufficient and of the type to be denominated a lien, equitable or legal."

The author further states at page 52:

"When a creditor brings an individual action against a debtor, another creditor normally does not have an absolute right to intervene. To hold otherwise would be to abandon completely the general notion that a plaintiff may control his action and that an unrepresented petitioner must show a lien interest to support an absolute right of intervention. * * *

"Where a legal interest in property is lacking, there can be no lien, and hence no absolute right to intervene."

In considering intervention under Rule 24(a) (3) in Pure Oil Co. v. Ross, 7 Cir., 170 F.2d 651, at page 653, the court said:

"Rule 24(a) (3), Federal Rules of Civil Procedure, 28 U.S.C.A., permits anyone upon timely application to intervene in an action as a matter of right when the applicant is so situated as to be adversely affected by a distribution of property in the custody of the court or of an officer thereof, and the law is well settled,

that to authorize an intervention, the intervenor must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment. United States Casualty Co. v. Taylor, 4 Cir., 64 F.2d 521; Smith v. Gale, 144 U.S. 509, 518, 12 S.Ct. 674, 36 L.Ed. 521; Leary v. United States, 224 U. S. 567, 32 S.Ct. 599, 56 L.Ed. 889, Ann.Cas.1913D, 1029; and United States v. California Co-operative Canneries, 279 U.S. 553, 49 S.Ct. 423, 73 L.Ed. 838."

In 24 Am.Jur. relating to Funds and Deposits in Court, it is stated, § 10, page 372:

"Persons who hold assignments of the interest of parties in a fund in court or liens upon it have been permitted in equity to appear as claimants; but creditors who have acquired neither an assignment of nor a lien upon a fund paid into court for their debtor in a suit to which they are not parties cannot intervene and obtain the money."

See also the author's discussion of intervention under Rule 24 in 2 Barron and Holtzoff, Federal Practice and Procedure, page 199 et seq.

It is clear that Duffy, trustee, has no direct interest in the issues involved in the present action between the plaintiffs and the defendants. His rights under his judgment against Vaughan will not in anywise be affected by any judgment or decision of the court as to the rights and liabilities of the parties to the present action. The judgment held by Duffy, trustee, does not as a matter of law create or stand as a lien against any moneys that James A. Vaughan may receive in pursuance of court order in the present action. In other words, Duffy, trustee, has no claim to or legal interest in the $100,000 fund on deposit with the clerk of this court in the present action, nor any claim to or legal interest in that part of said fund which may be ordered paid and distributed to Vaughan.

Duffy, trustee, would have to have some interest in the results of the present litigation between the plaintiffs and defendants in order to support his motion for intervention of right. It is clear that he has no direct interest in the results of this litigation between the plaintiffs and defendants. In other words, Duffy, trustee, is not in any sense a party to the issues involved in this action.

This litigation between the plaintiffs and defendants has been pending in this court for several years and has required many hearings and the taking of much testimony. This action in this court results from and follows many years of litigation in the Federal courts in the east. In considering the trustee's motion to intervene, the court recognizes that this litigation, which has already extended over far too many years, must be brought to an early end. In 7 Cyclopedia of Federal Procedure, 3d Ed., § 24.21, page 24, it is stated:

"When the claim or defense of the applicant (for intervention) departs from the field of litigation of the original parties in such a manner as to complicate and delay its determination, leave should be denied. The court should not permit the introduction of litigation having no relation to that opened by the original complaint, or the injection of a new issue not disclosed by the complaint."

For the reasons which I have stated I am convinced that the motion of William Duffy, Jr., trustee in bankruptcy of Petroleum Conversion Corporation, to intervene in the present action should be denied. The denial of this motion to intervene will not in anywise affect the trustee's judgment against James A. Vaughan and will not deprive the trustee of other remedies available to him for the collection of his judgment against Vaughan.

An order will be forthwith entered denying the motion of William Duffy, Jr., trustee in bankruptcy of Petroleum Conversion Corporation, to intervene in the present action. No costs will be allowed in connection with this motion.