HURLEY v. PUSEY & JONES CO.

(District Court, D. Delaware. June 18, 1921.)

No. 426.

Courts ⊂⇒343—Third persons, whose rights cannot be affected, not entitled to intervene.

In a suit by the assignee of certificates of stock of a corporation to compel issuance by the corporation of new certificates in his name, where the extent of his ownership or interest in the assigned shares is not in issue, but his claim is based solely on the assignment of the legal title, the rights of third persons, claiming an interest in the stock subject to his interest, cannot be affected by the finding or decree of the court, and they are not entitled to intervene under equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii).

In Equity. Suit by John A. Hurley against the Pusey & Jones Company. On objections to petitions of intervention of Jesse S. Phillips and Thomas B. Donaldson. Objections sustained.

William S. Hilles, of Wilmington, Del., for complainant.

Robert Penington and George N. Davis, both of Wilmington, Del., for defendant.

Hartwell Cabell, of New York City, for interveners.

MORRIS, District Judge. This is a suit to compel the defendant, the Pusey & Jones Company, a Delaware corporation, to issue in the name of and to deliver to the complainant, John A. Hurley, of New York, certificates for 15,000 shares of its preferred capital stock in lieu

of certificates for a like number of shares issued in the name of another person, assigned in blank, and delivered by the complainant to the defendant with a demand for transfer.

The insurance commissioner of the state of Pennsylvania and the superintendent of insurance of the state of New York seek to intervene as parties defendant, and in support of their applications allege that the complainant is not the absolute owner of the shares but a pledgee only, and that they, the petitioners, each have equitable rights in the shares subordinate to the rights of the complainant. The application to intervene is opposed by the complainant. The bill of complaint, as I understand it, does not base the claim for a new certificate upon the nature or extent of complainant's rights in the shares, but upon his lawful possession of the old certificates and the unqualified assignment. Neither the lawfulness of complainant's possession nor the validity of the assignment is attacked. The petitioners do not charge or show that their alleged rights will in any way be placed in jeopardy by the complainant's having a certificate in his own name.

Assuming, but not deciding, or even intimating, that a person may be made a party defendant on his own motion, the complainant objecting (Ehrenstrom v. Phillips, 9 Del. Ch. 74, 77 Atl. 80), and that the petitions disclose the petitioners to have some rights or interest in the shares, I am of the opinion that it does not appear that the petitioners have "an interest in the litigation," within the contemplation of equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii), and that, consequently, a right to intervene has not been shown. As I see it, interest in this litigation on the part of the petitioners can exist only if their rights may be affected by the decree, or by the finding of facts upon which any decree proper to be entered herein may be based. That, ordinarily a person holding certificates of stock, with an unqualified assignment and power of attorney in blank, is entitled upon demand to a new certificate in accordance with the assignment and power of attorney, even though he is in fact only a pledgee, and not the absolute owner of the shares, seems well settled. Athol Savings Bank v. Bennett, 203 Mass. 480, 89 N. E. 632; Machen on Corporations, § 997 et seq.; Fletcher's Cyc. on Corp. § 3911.

Nothing has been shown to take this case out of the general rule. At the argument the petitioners did not deny, but conceded, that the complainant, even if only a pledgee, is entitled to a decree directing the issuance of a new certificate as prayed in the bill of complaint. Furthermore, the right of the complainant to the decree sought depends, as I understand it, not upon the nature and extent of his interest in the shares, but solely upon the lawfulness of his possession of the old certificates and upon the tenor and validity of the assignment. Consequently the extent and nature of complainant's rights in the shares represented by the certificates demanded is not in issue.

It follows that the petitioners' rights, if any, cannot be affected, either by the finding of fact or the decree in this litigation.

An order in conformity herewith may be submitted.