## HARRINGTON BROS., Inc., v. CITY OF NEW YORK et al.

District Court, S. D. New York.   October 25, 1929.

Alexander, Ash & Jones, of New York City (Edward Ash and Paul R. James, both of New York City, of counsel), for the motion.

Bijur & Herts, of New York City (Harold Rosenblum, of New York City, of counsel), opposed.

WOOLSEY, District Judge.  This motion is denied.  The intervention is not opposed by the plaintiff, but by one of the defendants John J. Kelly, Inc., who appears and objects.

The petitioner who seeks to intervene in this suit has secured judgment by default in the New York Supreme Court, New York county, for $4,795.21 against the plaintiff herein, Harrington Bros., Inc.

In this action by the petitioner against the plaintiff an attachment was issued by the New York Supreme Court, and has been served by the sheriff of the county of New York on John J. Kelly, Inc., and the Continental Casualty Company and the city of New York, all defendants herein.  Thus it was sought to attach the right, title, and interest of the plaintiff to this cause of action in this court, and also to the public lien filed by Harrington Bros., Inc., against the city of New York on or about June 13, 1929, under the New York Lien Law (c. 38 [Consol. Laws, c. 33]), §§ 5 and 12, copy of which is annexed to the moving papers.

The claim on which the judgment of the petitioner was secured against the plaintiff herein was for unpaid premiums on automobile liability insurance against injuries to, and damage to property of, third persons.

The right of intervention under equity rule 37 (28 USCA § 723) depends on various elements, of which the following are lacking in the present application:

(1) The petitioner in this case has not any interest in the remedy, as such, sought to be enforced by the plaintiff herein.  The petitioner's rights have already been fixed by the state court judgment and cannot be affected by any findings of fact or by the decree which may be entered in this suit here.  Hurley v. Pusey & Jones (D. C.) 274 F. 487, 488; Adler v. Seaman et al. (C. C. A.) 266 F. 828, 832.

(2) The petitioner has an adequate remedy at law, for it must be assumed here that the attachment which has been levied, as above stated, will be appropriately protected by the state court in the event that the lien is good.

The proposed petitioner is interested only in the proceeds, if any, which will result from this suit, and what he asks here, in effect, is to have this court, sitting in equity, act as a means for collecting a money judgment which the petitioner has secured, by causing any recovery, which may be granted to plaintiff herein, to be paid in part to the petitioner. I do not see that there is any ground whatever for an intervention under such circumstances.

To allow such an intervention as the petitioner seeks would constitute a precedent under which any judgment creditor, or perhaps any creditor, of a plaintiff in an equity suit in this court, might claim a right to intervene, irrespective of his relation to the suit before the court, or of his interest in the remedy invoked by the plaintiff.