SOLICITOR FOR THE AFFAIRS OF HIS MAJESTY'S TREASURY, Plaintiff, *v.* BANKERS TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, October 13, 1950.

*David Paine* for Robert W. Maitland-Tennent, intervener.

*Howard T. Milman* and *H. Bartow Farr, Jr.*, for plaintiff.

*Chester Bordeau, James Bruce* and *Haliburton Fales* for defendant.

HECHT, J. This application for intervention is made pursuant to clause (d) of subdivision 1 of section 193-b of the Civil Practice Act, the movant claiming he '' is so situated as to be adversely affected by a distribution or other disposition of property in the custody of, or subject to the control of or disposition by, the court or an officer thereof.'' The movant claims that he wishes to bring an action in this State against his mother, a resident of Scotland; that the fund which is involved in this action belongs to his mother; and that if the plaintiff in this action should be successful the fund will be turned over to it and the movant will be unable to attach it.

The question presented is whether movant has a sufficient interest in the fund to bring himself within the scope of clause (d) of subdivision 1 of section 193-b of the Civil Practice Act.

The above section was enacted upon the recommendation of the Judicial Council (see Twelfth Annual Report of Judicial Council, 1946, pp. 218 *et seq.*). The section is (p. 218) '' modeled upon Rule 24 of the Federal Rules of Civil Procedure ''. Clause (d) of subdivision 1 of section 193-b of the Civil Practice Act is copied verbatim from clause (3) of subdivision (a) of rule 24.

In Moore's authoritative work on Federal Practice (referred to by the Judicial Council in a footnote at page 218, as containing '' a definitive and comprehensive review of the remedy of intervention '') the following statement is made, as to the interest required of a petitioner, on clause (3) of subdivision (a) of rule 24 (vol. 2, § 24.08, p. 2339) : '' What kind of an interest must a petitioner have in property subject to the control of a court before he can claim an absolute right to intervene? Obviously it must be an interest known and protected by the law; a claim of ownership, or a lesser interest, sufficient and of the type to be denominated a lien, equitable or legal.''

In *United States* v. *Columbia Gas & Elec. Corp.* (27 F. Supp. 116), the court said (p. 120) :

" The new rule does not specifically set forth the nature of the interest in the property which a person must have in order to establish his claim to intervention as a matter of right. It is improbable that the Supreme Court in promulgating this new rule intended to destroy well established principles as the basis of intervention as of right. It would produce chaos to require the courts to recognize the absolute right to intervention of strangers who had no legal or equitable interest in the subject matter of the action.

" Clause 3 contemplates that the person having the right of intervention should have a legal interest in the property in the custody of the court * * *

" Petitioner's final contention is that Rule 24(a) has broadened the well established principle to the extent of no longer requiring ' any actual property interest in the res '. This position is without authority to sustain it."

In view of the fact that it appears to have been the legislative intention to adopt the Federal practice in the type of situation presented here, this motion must be denied. The applicant does not possess a legal or equitable interest in the fund.