SOLICITOR FOR THE AFFAIRS OF HIS MAJESTY'S TREASURY, Plaintiff, *v.* BANKERS TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 27, 1951.

*David Paine* and *Duane B. Lueders* for Robert W. Maitland-Tennent, applicant.

*Howard T. Milman* and *H. Bartow Farr, Jr.,* for plaintiff.

*Chester Bordeau, James Bruce* and *Haliburton Fales, II,* for defendant.

HOFSTADTER, J. Motion to permit the applicant to intervene in this action or in the alternative to direct the city treasurer to satisfy the judgment obtained by the applicant out of the moneys held by the city treasurer to the credit of this action is denied without prejudice to the applicant's right to proceed under section 922 of the Civil Practice Act or otherwise to satisfy the judgment. The prior decision of Mr. Justice HECHT (198 Misc. 751), denying intervention on the ground that the interest of the applicant, as an attaching creditor is not such an interest in the fund as to entitle him to intervene in the action under

clause (d) of subdivision 1 of section 193-b of the Civil Practice Act requires like denial now. No appeal has been taken from that decision. The only change in the situation is that the applicant has in the meantime recovered a default judgment. If, however, the attachment did not give the applicant an interest in the fund entitling him to intervene — and Mr. Justice HECHT has already held it did not — he has not acquired such interest by the subsequent judgment (*Harrington Bros.* v. *City of New York*, 35 F. 2d 1009). In reaching this conclusion I assume the validity of the attachment levy. Neither the validity of the levy, nor the plaintiff's title to the fund in court is now determined and the present disposition is wholly without prejudice to the appropriate determination of those issues.