Solicitor for the Affairs of His Majesty's Treasury, Appellant, *v.* Bankers Trust Company of New York, Defendant. Robert W. Maitland-Tennent, Applicant-Respondent.

Argued April 16, 1952; decided July 15, 1952.

*Howard T. Milman* for appellant. I. Respondent does not have an interest in the fund sufficient to permit mandatory intervention. (*United States* v. *Columbia Gas & Elec. Corp.,* 27 F. Supp. 116; *Missouri-Kansas Pipe Line Co.* v. *United States,* 108 F. 2d 614; *Kaufman* v. *Société Internationale,* 188 F. 2d 1017; *Radford Iron Co.* v. *Appalachian Elec. Power Co.,* 62 F. 2d 940; *Lombard Investment Co.* v. *Seaboard Mfg. Co.,* 74 F. 325; *Harrington Bros.* v. *City of New York,* 35 F. 2d 1009; *Rubin* v. *Irving Trust Co.,* 105 N. Y. S. 2d 140; *Nemeroff* v. *National City Bank of N. Y.,* 262 App. Div. 145; *Lennox* v. *Brady,* 101 N. Y. S. 2d 22; *Metallo-Chemical Corp.* v. *Banque Transatlantique S. A.,* 188 Misc. 596.) II. The motion to intervene is not timely. III. The barring of Mrs. Maitland-Tennent's rights also bars her creditors.

*David Paine* for respondent. I. Respondent's judgment is based on publication service and is payable only out of the funds attached. (Civ. Prac. Act, § 232, subd. 3; § 520; *Frost* v. *Mott,* 34 N. Y. 253; *Fielmann* v. *Brunner,* 2 Hun 354; *Rubin* v. *Irving Trust Co.,* 105 N. Y. S. 2d 140.) II. A suit by the Sheriff (under Civ. Prac. Act, § 922), as suggested by Special Term, would be futile. (*Dunlop* v. *Patterson Fire Ins. Co.,* 74 N. Y. 145; *India Rubber Co.* v. *Katz,* 65 App. Div. 349; *Wehle* v. *Conner,* 83 N. Y. 231.) III. The case cited by Special Term (*Harrington Bros.* v. *City of New York,* 35 F. 2d 1009) was

decided in 1929, before the adoption of the present Federal rule on which section 193-b is modeled. IV. The Statute of Limitations is personal to defendant and those in privity with defendant. (*Perry* v. *Williams*, 40 Misc. 57.)

LEWIS, J. We are to determine whether the record before us serves to qualify Robert William Maitland-Tennent — to whom reference will be made as the applicant — to intervene in this action pursuant to clause (d) of subdivision 1, section 193-b of the Civil Practice Act. That statute, insofar as material to our inquiry, provides: " § 193-b. *Intervention.* 1. Upon timely application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only:  *  *  *  (d) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of, or subject to the control of or disposition by, the court or an officer thereof."

From affidavits and a verified proposed pleading of record, filed in support of and in opposition to the present motion by the applicant to intervene herein, it appears that the applicant — a naturalized citizen residing in California — has instituted an action against his mother, Mrs. Margaret Louisa Maitland-Tennent, who is a resident of Scotland. The action is for damages alleged to have resulted from the failure by the applicant's mother to pay to him installments claimed to be due under a written agreement made in 1914 between mother and son " in settlement of certain disagreements arising under a disputed will ". From the affidavits and pleadings mentioned above it appears that Mrs. Maitland-Tennent has no property within the United States except funds credited to her accounts in two banks in the city of New York of which one is Bankers Trust Company, the defendant in the present action. The funds formerly in that account have been paid into court in circumstances presently to be described and are now on deposit with the treasurer of the city of New York pursuant to a court order in pending litigation which arose from the following facts:

In 1947, the British Government enacted the Exchange Control Act (10 & 11 Geo. 6, ch. 14) which by its provisions required Mrs. Maitland-Tennent, a British subject, to exchange for pounds

sterling her dollar accounts in banks in the United States. Upon her refusal to do so, and pursuant to British law then applicable, His Majesty's Treasury vested the account and thereafter assigned it to the Solicitor for the Affairs of His Majesty's Treasury who instituted the present action against Bankers Trust Company to collect the balance in the account thus vested.* The defendant thereupon applied at the Supreme Court, Special Term, for an order permitting it to give notice pursuant to section 51-a of the Civil Practice Act to Mrs. Maitland-Tennent as an adverse claimant to the account. The plaintiff opposed that application and made a cross motion to require the defendant to deposit in court the balance then standing to the credit of its depositor's account. Following the granting of the defendant's motion and the plaintiff's cross motion the defendant paid into court a sum in excess of $117,000 which was the amount in Mrs. Maitland-Tennent's deposit account. On March 24, 1950, Special Term granted an order permitting the defendant to serve on Mrs. Maitland-Tennent by registered mail a notice of pendency of the present action, which notice — in the form prescribed by section 51-a *id.* — was served.

Thereafter the applicant obtained a warrant of attachment in the suit instituted by him against his mother based upon a complaint and affidavit setting forth facts upon which the alleged indebtedness is based. Apparently, jurisdiction was not obtained by a levy of the warrant of attachment on property of Mrs. Maitland-Tennent, the reason being that the treasurer of the city of New York took the position that money deposited with him by court order to the credit of the present action could not be diverted to any other purpose, and accordingly he turned over no funds to the sheriff on the attachment. Thereupon (on October 13, 1950) a motion by the applicant to intervene in the present action was denied upon the ground that " The applicant does not possess a legal or equitable interest in the fund." (198 Misc. 751, 753.) No appeal was taken from that decision. (199 Misc. 498, 499.)

Subsequently the applicant entered the judgment against his mother which has not been paid and which he now seeks to

---

* See *Solicitor for Affairs of His Majesty's Treasury* v. *Bankers Trust Co.* (304 N. Y. 282), decided herewith.

have paid out of the funds in the hands of the city treasurer —
a default judgment based upon service of a summons and com-
plaint by publication. Thereupon, as an alleged judgment
creditor of his mother, the applicant again moved at Special
Term for an order permitting him to intervene in the present
action, or in the alternative to direct the city treasurer of
the city of New York to satisfy a judgment obtained by the
applicant out of moneys held by the city treasurer to the credit
of the present action. In denying that motion, by order dated
March 27, 1951, the Justice at Special Term wrote — " The only
change in the situation [since the denial on October 13, 1950,
of applicant's first motion to intervene] is that the applicant
has in the meantime recovered a default judgment. If, how-
ever, the attachment did not give the applicant an interest in
the fund entitling him to intervene — and [the Justice at Spe-
cial Term] has already held it did not — he has not acquired
such interest by the subsequent judgment (*Harrington Bros.*
v. *City of New York*, 35 F. 2d 1009)." (199 Misc. 498, 499.)

At the Appellate Division, where the order entered at Special
Term was reversed on the law, one Justice dissenting, and the
motion for leave to intervene was granted, permission to appeal
to this court was granted and the following questions were
certified:

" 1. Did the Special Term err in denying applicant's motion
to intervene in this action?

" 2. Did Special Term err in holding that applicant was not
' so situated as to be adversely affected by a distribution or
other disposition of property in the custody of  *  *  *  the
court  *  *  * ' ? "

It is the applicant's position, alleged in his proposed com-
plaint, that the funds paid into court by the defendant pursuant
to court order and now deposited with the city treasurer of
the city of New York to the credit of this action, are property
of his debtor, Mrs. Maitland-Tennent. His demand is that the
judgment he claims to have secured against his debtor be paid
out of those funds.

If, as the applicant claims, he is a creditor of Mrs. Maitland-
Tennent, his right to payment of her debt to him from funds
formerly deposited to her credit with the defendant Bankers
Trust Company and subsequently paid into court, depends upon

what right she has in those funds. The question is thus posed: — What right, if any, has Mrs. Maitland-Tennent to the funds in suit?

The statutory notice served by the defendant upon Mrs. Maitland-Tennent informed her that her right to commence an action to enforce her claim to the funds which the plaintiff seeks to recover in this action, or to intervene herein, was limited by section 51-a to one year and ten days from the date of the court order authorizing service of the notice. At the termination of that period of limitation she had not taken action by suit, nor had she intervened herein. By her failure so to do she has forfeited her right in the State of New York to enforce any claim she had to the funds which the plaintiff in the present action seeks to recover. The applicant's right, if any, to be paid from the funds in suit derives from Mrs. Maitland-Tennent — allegedly his judgment debtor — who is not a party to the present action. She is no more than an erstwhile adverse claimant (§ 51-a, subd. 5) who, having failed — within the period of limitation fixed by the statutory notice served upon her — to intervene in the present action or to commence an action to enforce her claim, is barred in this State from asserting a claim to such funds.

In those circumstances we cannot say as a matter of law that the applicant " * * * is so situated as to be adversely affected by a distribution or other disposition of property in the custody of * * * the court * * *." (Civ. Prac. Act, § 193-b, subd. 1, cl. [d], *supra*; and see *Radford Iron Co.* v. *Appalachian Elec. Power Co.*, 62 F. 2d 940, 942; *Harrington Bros.* v. *City of New York*, 35 F. 2d 1009.)

The order should be reversed and the applicant's motion for leave to intervene denied, with costs in this court and in the Appellate Division. Each of the two questions certified to us is answered in the negative.

LOUGHRAN, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ., concur; CONWAY, J., not sitting.

Order reversed, etc.